UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHONGQING GUANGYU MOTORCYCLE MANUFACTURE CO. LTD. AND MIN QIU, | § § § § § § § § § § § § § § | |
| Plaintiffs, | | |
| v. | | CIVIL ACTION NO. 4:07-CV-04284 |
| AMERICA KAYAK, INC. (CALIFORNIA), MOTOR POWER GLOBAL, INC., ALEC HAITENG HUANG AND LIN ZHANG, | | |
| Defendants. | | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiffs' Motion to Remand (Doc. No. 3), challenging Defendants' removal of the case from the 80th Judicial District Court in Harris County, Texas as improper. Plaintiffs argue that, because Defendants are citizens of Texas, removal violates the "no-local defendant" rule of 28 U.S.C. § 1441(b), which states that actions based on diversity of citizenship "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

We agree that removal is improper. Section 1441(b) clearly prohibits removal of diversity cases by defendants who are sued in their own state, and this prohibition has been part of American law for well over a century. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 472 (1996); *Martin v. Snyder*, 148 U.S. 663, 663-64 (1893); *Scherbatskoy v. Halliburton Co.*, 125 F.3d 288, 290 n.1 (5th Cir. 1997). Defendants acknowledge both that their removal is based solely on the

Court's diversity jurisdiction, and that "all Defendants are citizens of the State of Texas." (Defs.' Notice of Removal, Doc. No. 1, at 1-2.) Therefore, removal is improper.

Plaintiffs' Motion to Remand (Doc. No. 3) is **GRANTED**. It is **ORDERED** that this case be remanded to the 80th Judicial District Court in Harris County, Texas. All parties shall bear their own costs related to this removal and remand.

IT IS SO ORDERED.

SIGNED this 14th day of December, 2007.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL
FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY
EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT

TRUE COPY I CERTIFY
ATTEST:
MICHAEL N. MILBY, CLERK
By _____ Deputy Clerk